```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

MARIA NOCE                        :    CIVIL ACTION
                                  :    NO. 16-6209
         v.                       :
                                  :
ANDREW M. SAUL,                   :
COMMISSIONER OF SOCIAL SECURITY   :

## O R D E R

**AND NOW**, this **26th** day of **September, 2019,** it is hereby **ORDERED** that:

(1) Plaintiff's objections (ECF No. 22) are **OVERRULED**;[1]

---

[1] The Court has carefully considered Plaintiff's objections to Magistrate Judge Lynne A. Sitarski's Report and Recommendation ("R&R"). There is no need to repeat the history or facts of the case as Judge Sitarski's R&R adequately relays that information.

The Court concludes that Judge Sitarski has correctly and sufficiently addressed Plaintiff's arguments, and, thus, adopts her R&R. Nonetheless, reviewing the issues raised in the objections de novo, Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998), the Court reaches the following additional conclusions:

1. Plaintiff first argues that the ALJ failed to reasonably explain her RFC assessment. The Court disagrees because the ALJ sufficiently demonstrated how the RFC assessment is supported by substantial evidence.

Plaintiff contends that while the ALJ provided a summary of the evidence, she did not provide reasoning for the specific components in the RFC. Judge Sitarski sufficiently addressed this argument. The Court further notes that the record belies Plaintiff's assessment. The ALJ's decision includes a very lengthy and comprehensive review of the evidence which

includes within it reasons why various evidence was accepted and to what extent. A reading of the ALJ's opinion and the description of how she weighed the evidence makes clear how she formulated the RFC assessment.

Plaintiff also asserts that Judge Sitarski should not have placed any weight on the fact that there is no objective evidence of a right wrist impairment until at least five years after Plaintiff's alleged disability onset date. The ALJ made similar comments regarding various impairments. The Court disagrees with Plaintiff that this line of thought has no value. These inquiries go to the credibility of Plaintiff's assertions regarding the severity of her impairments, and could reasonably impact the RFC assessment.

Plaintiff contends that the ALJ erred in concluding that the significant range of daily activities she could perform indicated that she could also perform sustained work. However, activities of daily living were but one of many factors considered by the ALJ. Moreover, activities of daily living are a proper inquiry in determining a plaintiff's limitations. See 20 C.F.R. §§ 404.1529 & 416.929. The ALJ did not err in considering them.

Plaintiff also asserts that the ALJ failed to reasonably explain her RFC assessment of Plaintiff's ability to use her hands. Plaintiff notes various medical findings that she argues support further restrictions than those provided by the ALJ. The Court concludes that the ALJ's analysis is supported by substantial evidence as meticulously detailed in her decision, even though there may be some evidence that might be seen as supportive of additional handling and fingering restrictions. See Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (providing that substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). The ALJ properly explained why she chose the particular hand-oriented RFC limitations. The Court also rejects Plaintiff's argument that Judge Sitarski must not have read her reply brief.

2. Next, Plaintiff argues that the ALJ failed to properly assess the opinion of consultative examiner, Merrill

---

Mirman, D.O. Judge Sitarski sufficiently addressed this argument. Again, while Plaintiff notes evidence that could possibly support additional sitting/walking/standing restrictions, the ALJ's assessment of Dr. Mirman is clearly supported by substantial evidence as described in her decision. Similarly, as laid out in detail by the ALJ, her decision to discount Dr. Mirman's limitations on Plaintiff's use of her hands because they were inconsistent with other evidence, is also supported by substantial evidence. In addition, and as mentioned above, the ALJ did not err in considering, as one factor, Plaintiff's ability to perform activities of daily living that impacted her ability to use her hands. See 20 C.F.R. §§ 404.1529 & 416.929.

    3.    Finally, Plaintiff argues that the ALJ failed to provide a reasonable explanation for the weight she gave to Plaintiff's testimony. Again, Judge Sitarski adequately addressed this argument in the R&R. Specifically, Plaintiff suggests that the ALJ relied too heavily on her view of the medical evidence, erroneously considered Plaintiff's knee injections to be conservative treatment, and erroneously relied on Plaintiff's repeated failure to follow up on recommended surgeries. An ALJ may reject a claimant's testimony as incredible if she specifically explains her rationale. Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 433 (3d Cir. 1999). The Court concludes that the ALJ more than adequately explained her reasons for discounting the credibility of Plaintiff's testimony, including that it was inconsistent with a wide variety of other evidence. Moreover, the ALJ must consider the objective medical evidence when weighing credibility, see 20 C.F.R. §§ 404.1529 & 416.929, and may consider failures to follow through with a prescribed treatment plan. See Vega v. Comm'r of Soc. Sec., 358 F. App'x 372, 375 (3d Cir. 2009). Contrary to Plaintiff's argument, multiple failures to have recommended procedures could indicate that Plaintiff's impairments were not as limiting or as severe as she alleged since those recommendations are based in part on Plaintiff's subjective complaints. The Court reaches no decision on whether Plaintiff's knee injections qualify as conservative treatment. However, the Court concludes that even without this finding, there is ample evidence to support the ALJ's credibility determination.

(2) The Court **APPROVES** and **ADOPTS** Magistrate Judge Lynne A. Sitarski's Report and Recommendation (ECF No. 21);

(3) Plaintiff's request for review (ECF No. 15) is **DENIED**; and

(4) The Clerk of Court shall mark this case as **CLOSED**.

**AND IT IS SO ORDERED.**

*/s/ Eduardo C. Robreno*
*EDUARDO C. ROBRENO,    J.*

---

In that the ALJ did not commit a reversible error and her decision is supported by substantial evidence, Plaintiff's objections must be overruled, the R&R adopted, and the ALJ's decision affirmed.

4